Good morning. May it please the court, Harriet Leavitt on behalf of the appellant. And if you could speak up a little bit, please. Is that better? Yes. I'd like to start out with the issue regarding the infliction of serious bodily injury in this case. As the court will recall from having read the briefs, what happened was that as the defendant exited the highway or freeway, he went through a stop sign at a high rate of speed and rolled the vehicle. The government alleged that as an aggravating factor for sentencing enhancement that he had caused serious bodily injury to the two material witnesses who later testified against him in a video deposition. These individuals, however, did not suffer serious bodily injury. Isn't the sentence enhancement available either on the basis of serious bodily injury or on placing in jeopardy the life of another? Yes, it is. And there were two special interrogatories. Well, there were three interrogatories that went to the jury. And I am not challenging the enhancement of six additional offense point or criminal conduct points based on placing them in serious physical, in danger of serious injury. The issue of whether they were placed in jeopardy is pretty obvious. And I couldn't argue that one with a straight face. But nobody was seriously injured, and that's a separate factor. This added on to the criterion for jeopardy in the life of another. Yes. There were six points added on for placing them in jeopardy, and then there were four points added on for serious bodily injury, when, in fact, all that you had was what any attorney who's ever looked at a personal injury case would term minor whiplash. Well, regardless. Counsel, could you help me out with the briefs and help clarify something for me? I'll try. In your brief, you argue there was insufficient evidence of serious bodily injury, and you dispute the sentencing. Yes. You combined this, these two things in one argument. But I think separate issues is that the issue as to whether there's sufficient evidence of serious bodily injury to commit the offense, then with respect to sentencing, would that be a separate issue as to whether there's sufficient evidence with respect to the sentencing evidence? Well, I suppose you could look at it that way. However, the reason that his sentencing was enhanced was because of the special interrogatory which the jury found proven beyond a reasonable doubt that he committed serious bodily injury. And I'm arguing on that basis that his sentence was enhanced on a factor that wasn't proven beyond a reasonable doubt because there was no evidence that anyone was seriously injured. Well, then let's go to my question, which is we have to view the record in the light most favorable to support the jury's, in this case, special verdict, which is unusual that they would even be asked that interrogatory. We have the testimony of the two material witnesses that one of the occupants suffered a laceration on the head that required treatment at the scene by the paramedics. Then the two who testified testified about sore backs, necks, and chest pains a month after the rollover, for which medical attention was also... Oh, I'm sorry. They also testified, the two who testified testified to the fact that they had sore backs, necks, and chest pains a month after the rollover, and your client himself was treated for injuries and then arrested after he was released from the hospital. So why isn't that a jury question in light of that evidence to decide whether or not that's sufficient serious bodily injury? Well, because under both the statute and the sentencing guidelines, that doesn't constitute serious bodily injury, and even under common sense, that doesn't constitute serious bodily injury. But our cases say that determining the extremity of physical pain is inherently a jury question, to which the jury applies its common sense. But serious bodily injury means that you need medical treatment. It means that there's some serious pain or substantial disfigurement. None of these people got any treatment. And I might even add that the material witnesses were still in custody at the time they testified, and therefore the government would have had an obligation to provide treatment if indeed they were seriously injured. Nobody got any treatment for anything. The man with the laceration... And your client by his own testimony was treated while he was in custody. So how do you say that there's no evidence of medical treatment? Well, first of all, the paramedics arrived at the scene. They gave the guy with the head laceration a Band-Aid. And my client was treated and then not taken to the hospital or not taken for further treatment. He complained that his leg hurt him from the chase. More importantly, the government limited itself as to who we are talking about in terms of serious bodily injury, because the interrogatory specified each of the two material witnesses as the ones who had sustained the serious bodily injury. You had the border... Irrelevant conduct for the district court to look at all of the aliens who were injured in the rollover accident in order to determine whether the enhancement was appropriate. You had a border patrol agent testify that he got to the vehicle, got the illegal aliens, and nobody was injured. They were just kind of shaken up. So that's the relevant conduct with respect to the serious bodily injury. Nobody was seriously hurt. Thank goodness. What do you do with this testimony that was admitted about the sore backs, the necks and chest pains a month after the rollover? As I said earlier, that's equivalent to a minor whiplash. If they were really hurting badly, they should have gotten some treatment for it. And since they were in custody, they would have gotten treatment. You can't say, well, poor immigrants, they couldn't afford it and they were going back home. You know, that's the first time I've heard somebody say nice things about the medical treatment received by these people. Nice things, I'm saying they could have gone. But in any event, I think that pretty well sums it up, that nobody was seriously hurt. Excuse me, I might interrupt again. Going back to my original question. As Colin mentioned, there was a jury for reform. Now, am I correct in stating that you did not dispute this finding in your briefs? Therefore, I mean, aren't there ways a serious bodily injury was the effect of the conviction? Would we want those witnesses? I don't think so, Your Honor. I'm disputing that there was any evidence upon which a jury could find that. And if I was inartful in my brief, I apologize. But my argument is there wasn't any evidence of serious bodily injury. Therefore, the jury couldn't properly find that. And therefore, the court couldn't properly enhance under the sentencing guidelines. So I'm going to suggest that you would have, assuming you lose on that argument, that you would have a stronger argument with respect to the sentencing, for the reasons you just described. Excuse me. And I don't think that the argument, that the issue is harmless because it's the difference between about a year and a half of his sentence. I'm trying to follow up, Judge Nelson. I was a little slow on this case, but I think I've got it now. It is sufficient for conviction that there be either serious bodily injury or endangering of the life of another, correct? Either one. Yes. And the jury finds both. But if we said the jury is wrong as to serious bodily injury, the conviction still stands. Yes. And I'm not arguing the jury. So the only question is sentencing. Yes. And the only argument you're making is the serious bodily injury is not enough for the sentence enhancement. That's right. Okay. And was that argument made to the district judge as to sentencing, that there just wasn't enough injury sustained to support the sentencing enhancement? Well, what happened was the probation officer, in preparing the pre-sentence report, added two points for bodily injury. The government objected, saying, no, we have a finding of serious bodily injury, and the court agreed with the government and added four points, bringing him to a level 22, and then the court sentenced in accordance with the guidelines. But was there an objection made by a defendant to that enhancement? No, Your Honor. No. So we're talking clear error on that point? Yes, Your Honor. Okay. And I was not the trial attorney. That's okay. I'd like to save my 54 seconds for your government. Okay. Okay. Good morning, Your Honors. May it please the Court. My name is Mita Sharda, Assistant United States Attorney for the District of Arizona. I represent the government in this case. Your Honors, first, to clarify with regard to the serious bodily injury, the interrogatories were actually more explicit than counsel had indicated. Both the statute and the interrogatories did not require the jury to find that the specifically named individuals in the indictment were actually seriously injured. In fact, in the record at the day three, February 22, 2007, page 93 and 94, the jury found, quote, we the jury unanimously find beyond a reasonable doubt that during interrelation of the offense, the defendant, Marco Antonio Mejia Luna, caused serious bodily injury to any person having unanimously agreed upon the individual who sustained serious bodily injury. I believe also in the special verdict forms, I think it's in the supplemental excerpts of record in pages 257 through 261, are the actual special verdict forms that indicate that. The individuals that were named in the indictment were the two material witnesses who testified. Those individuals, the statute reads that the defendant was transporting them, and in relation to their transportation, he caused serious bodily injury or placed in jeopardy to the life of another. The evidence. And you're asking us to conclude what? I read the verdict. I understood that. But are you asking us to expand the verdict beyond those two named individuals with respect to serious bodily injury? I don't think that that's necessary, Your Honor, in the sense that it's not expanding it, because all the jury found was that somebody had serious bodily injury, and the jury found as such. And so the issue is, but the issue in front of us in practical terms is, were these two people, did they sustain serious bodily injury within the meaning of the enhancement question? No, Your Honor. In fact, the court could find, for instance, the one individual was a juvenile that did have the laceration in the head and a bandage, band-aided, was actually seriously injured, and the jury found that. In fact. That's what I thought I was asking you. I'm sorry, Your Honor. Yes. The court can find that based on the jury's verdict. The definition in part of serious bodily injury, one of the definitions that the jury was read was that the individuals had extreme pain. Both material witnesses testified, as I believe Judge Talman indicated, that they had over a month after the accident or after the rollover, they had injuries. In fact, one of the material witnesses, despite the defendant's contention, Mr. Virginio Gomez indicated that he did seek medical treatment while he was incarcerated, that he was the one that was suffering from lower back and heart pain. Mr. Morales indicated that he had back and neck pain, again, about a month after the rollover occurred. As the court indicated, this court's case law does leave the extremeness of the injuries up to the jury to decide. The jury was properly instructed, the jury heard the evidence, and it determined beyond a reasonable doubt that these individuals were seriously injured. Now, the district court, as Judge Fletcher indicated, the district court determined based on those verdict forms that there was serious bodily injury and increased and enhanced the defendant's sentence by four levels as opposed to for bodily injury. Realistically. I'm going to ask you a question about your supposing counsel, and that is, I think the jury verdict form sort of settles it as far as the conviction is concerned, but what about, separating out the sentencing aspect of this, was there sufficient evidence of serious bodily injury for the greatly enhanced sentence? Yes, Your Honor, in part because the standard that would have been for a sentencing enhancement would have been by preponderance of the evidence. The government proved the serious bodily injury beyond a reasonable doubt because the jury so found, and the district court could rely on that to enhance the sentence. Now, let me ask, let me distract you one more time. Realistically, what are we talking about in terms of the enhancement beyond bodily injury to serious bodily injury? How much, that moves the sentence from what to what? It's a two-level enhancement for bodily injury and a four-level enhancement for serious bodily injury, so it would be an additional two levels. And what's that mean in terms of the guidelines? Your Honor, I'd have to check. We've, counsel indicated a year and a half. I don't think that's accurate. I think it would, I think maybe the four levels would have been a lot longer. I did not, I don't know the answer to that. What's the total sentence now? He was given a four-year sentence, Your Honor. A four-year sentence? That's right. Okay. One of the questions I'm asking myself is, this comes to us in clear error. Yes, Your Honor. So part of that is not merely whether it's error, but how bad are the consequences? Yes, Your Honor. But you can't tell me how bad the consequences are. No, Your Honor, in part because, to be perfectly honest, initially it seemed that the defendant's argument was that there was insufficient evidence for the conviction. It seems now that, so that was why it was that I'm not prepared to answer the court's question. But I can certainly provide a supplemental briefing to the court to let the court know. But we can look at the guideline table and figure out the answer. I don't think we need a supplemental briefing. And I don't think that the court needs to be concerned to the extent that, for any clear error, as I indicated to Judge Nelson, that the jury found, beyond a reasonable doubt, that there was sufficient evidence for serious bodily injury. And for that reason, there was sufficient evidence for the court to determine that there was serious bodily injury to enhance the defendant's sentence. I have to say what troubles me about this case is, putting it to one side, the clear error question. But just ask me whether this is serious bodily injury. At one extreme, of course, this isn't a jury question. I mean, if somebody comes in and says, I cut my finger while I was peeling potatoes, and that's serious bodily injury, I think any jury that finds, beyond a reasonable doubt, that that's serious injury is wrong, period. It's not a question of sufficiency of the evidence. Of course, if the evidence is clear, there it is. Here, sufficiency of the evidence, in a way, isn't really the issue. The evidence is not in question. I mean, it is what it is, and the question is whether that amounts to serious bodily injury. And maybe you could say it's a jury question as to intensity of pain. But, again, there wasn't much dispute about it. Help me out with other cases in which serious bodily injury has been found. How serious has that injury been? Your Honor, I think the cases are all over the map. I don't think that there are cases that ---- Give me the cases in which the evidence shows us the least serious injury in which serious bodily injury has been found. I'm trying to get my footing here. I don't have any case, Your Honor, to provide that defines, based on the injury itself, whether that was serious bodily injury or not. What I do have is ---- But that's precisely the question in front of us. What is a serious bodily injury? Do I have to make this up? No, Your Honor. I think the Johnson Court, for instance, in 1980, determined that among the factors a jury should consider is whether the victim suffered extreme physical pain, protracted and obvious disfigurement, protracted loss or impairment of the function of a bodily member, organ or mental faculty, protracted unconsciousness, and significant or substantial internal damage, such as important broken bones. Such as? I'm sorry. Such as important broken bones. Now, the court also went on to say that a substantial risk of death should be considered, but it need not be present to find serious bodily injury, and that it ultimately said the presence or absence of any of the above-mentioned factors is not dispositive since, quote, the jury must use its judgment to assess the severity of the injuries. So based on that risk, it sounds like the only one that's going to help you out here is the degree of pain. Yes, Your Honor. Yeah. And I think that the fact that you end the fact that there is, there was a laceration of the head at the time of the incident. EMT personnel did show up, and the individual was bandaged. He was sent back in part, or he was voluntarily returned to his country of origin. But the two other material witnesses, one of which indicated he was still getting medical treatment at the deposition about a month later, was sufficient to sustain the enhancement. Okay. May I answer the court's question? If we're questioning you over time, take full advantage of it and answer the question as far as you need to answer it. Your Honor, I think that what also should be clear is that what the court was reading was a transcript that was prepared for the video deposition. There was also a video deposition that the jury heard and could see the material witnesses describing the pain and pointing to the locations of the pain and how long that still lasted after the rollover. The vehicle, the government's also provided pictures of what was shown to the jury. The vehicle rolled anywhere from two to three times. Based on the testimony of the material witnesses, they were in the back of the vehicle, not in seat belts when the vehicle rolled. Both border patrol agents indicated that all five individuals sort of walked and got out of the vehicle but were stumbling towards a tree area when the defendant took off on a 45-minute chase away from the vehicle. All of those facts the jury heard in determining whether or not there was serious bodily injury and it determined that there was. Thank you, Your Honor. Unless there's anything further. I want to make sure I understood your answer. Judge Nelson read you from a transcript. Yes, Your Honor. And you responded to something about a video. Yes, Your Honor. Are you really saying that we didn't get a chance to see the picture of that witness as he or she was testifying? Your Honor, there was a video deposition played for the jury. And, yes, there is that deposition. I believe that that is at least. But is that different from the transcript, whatever produced that transcript? No, Your Honor. So you're arguing that we haven't seen the video? Yes, Your Honor. At least you haven't seen, I guess, the reactions of the witness in describing it. That's sort of the cold record. But there is a deposition that's at the district court. Should the court need it, I'm certainly willing to provide that. Were you the trial attorney? Yes, sir. Okay. As I understood your answer, though it was broader than that, it was that to answer the question you have to consider all the evidence that the jury had before it, which was more than just the testimony of the witnesses. That's correct, Your Honor. There was the pictures of the vehicle when it rolled over and the sort of devastation or how the vehicle looked. It was crushed. There was windows blown up. We're not talking about injury to the vehicle. No, Your Honor. But what we are talking about is where the individuals were in that vehicle as the vehicle was turning. They were in the back of the vehicle, and the jury heard about that. I understand that. And that certainly goes to the threat to life. But the best evidence is their injury is the victims themselves. Now, is it right that he got a Band-Aid? Did he get anything more than a Band-Aid? The record indicates, Your Honor, that there was a Band-Aid wrapped around his head, and that was it. Wait a minute. A Band-Aid or a bandage? As I interpret the record, Your Honor, the laceration was treated at the scene, and then his head was essentially wrapped. That's how I interpreted what the testimony was. I see. Do we have a picture of that or just testimony? No, just testimony. Okay. Unless there's anything further, thank you, Your Honor. Okay. Thank you. There was no testimony that the man had a bandage wrapped all the way around his head. Can you point me to that testimony? Sure. I've got the ER here, so, for ERs. I think ER pages 36 to 37 contains a statement that Ricardo Sustainability which was bleeding but was otherwise okay. Wait a minute. 36 to 37. I don't have that. I'm looking at it. Just give me a moment, please. While I'm looking, I'll point out that what Mr. Shard has said was the government's interpretation is that he had a bandage wrapped around his head. And interpretation is not. No, I understand. That's why I'm asking you. If you could put me into the transcript, I would appreciate it. And I will get there because I know I cited it in the brief. ER page 10, which is Agent Mercurio, who said that he observed one person had sustained a head laceration. Everyone else was shaken up but not injured. Where are you on that page? Ten. Page 10 where? Record page 10. I can't find it. I'm on a different page from what you're on. Excerpt of record page 10? Yeah, excerpt of record page 10. It looks like just the court talking to somebody. Uh-oh. Would the court prefer that I provide a supplemental citation to the record? No, we'll find it. Okay. I apologize. Anyway, serious bodily injury involves extreme pain. Nobody was hospitalized. Nobody had any broken bones. Nobody had stitches. There's nothing even close to serious bodily injury here. And the difference between the sentencing guidelines is if you were to totally eliminate the four-level enhancement, he would have been at an 18, which is 30 to 37 months for him on a criminal history of two. That's where I get the year-and-a-half maximum difference. What's the difference between bodily injury and serious bodily injury? Because that's what we're discussing. Yes. A level 20 is 37 to 46 months, so it could have been close to a year. The level 22, which is where he was at, was 46 to 57 months. So his sentence could be reduced almost by a year, would be 11 months. You don't dispute that there was bodily injury. No, I can't. I can't dispute that there was at least bodily injury. The only difference would be between a level 20 and a level 22. Right. Between a level 21 and a level 22. A level 20 and 22. Well, 20 is no injury at all. No. 18 is no injury. Oh, I'm sorry. Okay. And the guideline is 37 to 46 for 20? Yes. 46 to 57 for 22? Yes. And what was the actual sentence imposed? 48 months. 48. And he's been in. Based on the judge's assumption that it was 22? Yes. Yeah. And he has been in since August 27th of 2006, so he has served about two and a half years now. Yeah. Okay. Thank you. Thank you. Thank you. The case of United States v. Mejia Luna is now submitted for decision.
judges: Nelson, Fletcher, Tallman